# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION

FILED

December 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9708-CR-00310 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. CHRIS CRAFT, |
| MARY R. BRUNSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

JOHN E. DUNLAP
GERALD D. WAGGONER
1433 Poplar Avenue
Memphis, TN 38104-2934

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

JERRY R. KITCHEN
Assistant District Attorney General
201 Poplar Ave, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

**OPINION**

The defendant, Mary R. Brunson, appeals the trial court's sentence imposed after she pled guilty to solicitation to commit voluntary manslaughter. Specifically, she contends the trial court erred in failing to sentence her as an especially mitigated offender and ordering six (6) months incarceration. After a careful review of the facts of the case and applicable law, we AFFIRM the judgment of the trial court.

**FACTS**

The defendant lived in the marital home with her two children in Memphis. Her husband, Sergeant First Class Curtis Brunson, was stationed with the United States Army at Fort Knox, Kentucky. Sergeant Brunson spent every other weekend at home. Sergeant Brunson paid the mortgage on the family home as well as having $700 directly placed in the defendant's checking account every month.

In August 1995, Sergeant Brunson realized his wife was not timely paying the household bills. Upon further inquiry, Sergeant Brunson discovered the defendant had amassed a substantial credit card debt and had withdrawn most of their savings from the bank. Sergeant Brunson subsequently hired a private investigator to follow the defendant. The investigator reported the defendant was engaged in an extramarital affair. The defendant also falsified a lease during this period in order to qualify for food stamps.

Sergeant Brunson began to secretly record the telephone conversations in the family home. A recorded conversation between the defendant and her nephew indicated a plot to have Sergeant Brunson killed. Sergeant Brunson took the tape to the Memphis police.

2

The defendant was subsequently indicted for solicitation to commit first degree murder, a Class B felony. See Tenn. Code Ann. § 39-11-117(a)(3). She was allowed to plead guilty to solicitation to commit voluntary manslaughter, a Class E felony, with an agreed sentence of eighteen (18) months. The manner of service of the sentence was left to the discretion of the trial court.

At the sentencing hearing, the defendant testified that she was not serious when she discussed her husband's murder with her nephew. She stated that she had been drinking at the time, and just "lost it" due to pressure and her husband's abusive behavior. The defendant, however, admitted telling her nephew that she would profit financially from her husband's death. She further admitted the mortgage insurance would pay the amount owed on the house, and she would receive a pension from the military.

## SENTENCING

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

### A. Especially Mitigated Offender Status

The defendant contends she should have been sentenced as an especially mitigated offender. A defendant may be classified as an especially mitigated offender when:

(1) The defendant has no prior felony convictions; and

(2) The court finds mitigating, but not enhancement factors.

3

Tenn. Code Ann. § 40-35-109.

The question of whether a defendant should be sentenced as an especially mitigated offender rests within the sound discretion of the trial court. State v. Braden, 867 S.W.2d 750, 762 (Tenn. Crim. App. 1993). While the trial court found the defendant had no prior felony convictions, it noted the defendant fraudulently obtained food stamps by falsifying a lease on the family home. Additionally, we note the defendant admitted to prior marijuana use. There was no abuse of discretion in the failure to classify the defendant as an especially mitigated offender.

This issue is without merit.

## B. Confinement

The defendant's second sentencing issue is that the trial erred in sentencing her to six (6) months confinement as opposed to "granting probation or another sentencing alternative."

A defendant is eligible for probation if the sentence is eight years or less. Tenn. Code Ann. § 40-35-303(a). An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-303(b). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the

defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim.

4

App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Sentences which involve confinement are based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

The defendant was afforded the statutory presumption and given alternative sentencing in the form of split confinement. However, in finding some period of confinement appropriate, the court noted that, but for law enforcement intervention, the case could easily have been an unsolved murder. The court also noted the defendant was allowed to plead to a lesser offense, and confinement was necessary to avoid depreciating the seriousness of the offense. Further, the trial court found the defendant to be "one of the least credible

5

witnesses I've seen." The trial court is in a much better position to assess credibility than this Court since it can assess the appearance and demeanor of the defendant.

The defendant has not met her burden of establishing suitability for total probation. We see no reason to disturb the sentence imposed by the trial court.

This issue is without merit.

## **CONCLUSION**

For the reasons stated above, the sentence imposed by the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**

6