.     **IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**APRIL 1998 SESSION**

FILED

May 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | NO. 02C01-9708-CC-00329 |
| Appellee, | ) | |
| | ) | **DECATUR COUNTY** |
| **VS.** | ) | |
| | ) | **HON. C. CREED McGINLEY,** |
| **GREGORY R. MILLER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Reckless Homicide, DUI) |


**FOR THE APPELLANT:**

**GUY T. WILKINSON**
District Public Defender

**RICHARD W. DeBERRY**
Assistant Public Defender
117 N. Forrest Avenue
P.O. Box 663
Camden, Tennessee 38320-0663

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**G. ROBERT RADFORD**
District Attorney General

**JERRY W. WALLACE**
Assistant District Attorney General
P.O. Box 637
Parsons, TN 38363-0637


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Gregory R. Miller, appeals as of right his convictions for reckless homicide and driving under the influence. He was sentenced to concurrent terms of three (3) years for reckless homicide and eleven (11) months and twenty-nine (29) days for DUI, with ten (10) days of the DUI sentence to be served in confinement. The defendant contends on appeal that:

(1)    the evidence was not sufficient to support his convictions;

(2)    the trial court erred in not suppressing his pre-trial statement made to police; and

(3)    the trial court erred in its sentencing of the defendant.

After a thorough review of the record, we AFFIRM the judgment of the trial court.

**FACTS**

The defendant was the driver of a van which, while traveling east on I-40 in Decatur County, abruptly left the road and collided with a guardrail in the median. Sandra Taylor, defendant's common law wife, was a passenger in the van. She died shortly after the accident in a local hospital. The Tennessee Highway Patrol was dispatched to the accident scene. Trooper Michael Melton noticed the odor of alcohol on the defendant and arrested him.

Trooper Larry Forsythe, a certified accident reconstructionist, investigated the scene shortly after the accident. He testified that the physical evidence indicated the van was accelerating when it left the highway, and there was no indication the defendant ever applied the brakes. Trooper Forsythe further testified that he was unable to determine why the van left the highway.

2

The defendant was in an extremely agitated state while the medical personnel attempted to treat him. He continuously refused treatment, instead urging the medical personnel to treat his wife. Medical personnel at the emergency room described defendant as "combative, uncooperative, hostile [and] agitated."

The defendant made a statement at the hospital to Investigator John Paul Dunaway with the Criminal Investigative Division of the Highway Patrol. The defendant stated to the officer that he was traveling east on I-40 after eating at a restaurant in Jackson, Tennessee. The defendant admitted that he drank beer at the restaurant, and that he purchased "one for the road" at some point before the accident occurred. The defendant stated that he was in the left lane and "hit" his brakes after seeing the brake lights of a car that had passed him on the right and pulled in front of him in the left lane. He claimed his van skidded to the right, and he lost control.

When the defendant arrived at the hospital, a sample of his blood was drawn to determine his blood alcohol content. Subsequent analysis by the Tennessee Bureau of Investigation laboratory showed a blood alcohol content of .12%.

The defendant did not testify at trial. The defense offered three (3) witnesses who testified they did not smell alcohol on the defendant immediately after the accident.

The jury was charged in Count 1 as to vehicular homicide and the lesser offenses of reckless homicide and criminally negligent homicide. In Count 2 the jury was charged as to driving under the influence. The defendant was convicted by the jury of reckless homicide, criminally negligent homicide, and driving under the influence. The trial court merged the criminally negligent homicide conviction into the conviction for reckless homicide.

3

## SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence presented at trial was insufficient to sustain his convictions for reckless homicide and DUI. Specifically, the defendant alleges the state failed to prove his actions caused the death of the victim.

### A. Standard of Review

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

### B. Driving Under the Influence

4

Driving a motor vehicle under the influence of an intoxicant on any public road or highway in the state of Tennessee is prohibited. Tenn. Code Ann. § 55-10-401. The state presented testimony that the defendant's blood alcohol content was .12%. This level of alcohol in the defendant's blood allowed the jury to infer the defendant was under the influence of an intoxicant and impaired. *See* Tenn. Code Ann. § 55-10-408(a). The evidence was sufficient to support the DUI conviction. This issue is, therefore, without merit.

## C. Reckless Homicide

Reckless homicide is the reckless killing of another. Tenn. Code Ann. § 39-13-215. A person acts recklessly when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tenn. Code Ann. § 39-11-106(a)(31). The risk must be so great that disregarding it would constitute a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the defendant's standpoint. Id.

The testimony at trial revealed the defendant was driving under the influence of an intoxicant at the time of the accident. Evidence of intoxication is relevant to a jury's determination of reckless conduct. *See* State v. Billy E. Johnson, C.C.A. No. 02C01-9605-CR-00162, Shelby County (Tenn. Crim. App. filed March 19, 1997, at Jackson). The jury heard other evidence that could also establish reckless conduct by the defendant. Although the defendant's statement indicated he swerved to the right, the physical evidence indicated his van ran off the road to the left into the median. Trooper Forsythe testified the evidence indicated the van was accelerating when it left the road, and there was no evidence the van's brakes were ever applied.

When the evidence is viewed in a light most favorable to the state, we find that a rational jury could have found the defendant acted recklessly, and that his recklessness was the cause of the victim's death. This issue is without merit.

## DEFENDANT'S STATEMENT

The defendant contends the trial court committed error by admitting a statement he gave to Investigator Dunaway. At the suppression hearing Investigator Dunaway testified that, prior to taking defendant's statement, he advised defendant of his Miranda rights. The defendant executed a written waiver before giving his statement. The investigator further testified that no force or threats were used, and defendant gave the statement voluntarily. Defendant, on the other hand, testified that he did not recall giving a statement, denied signing the waiver and denied being advised of his Miranda rights. The trial court found the officer's testimony to be credible and rejected the defendant's testimony. The motion to suppress was overruled.

When an accused moves to suppress his statement given to a law enforcement officer, the findings of fact made by the trial court at the hearing on the motion are binding upon this Court unless the evidence contained in the record preponderates against these findings. State v. Smith, 933 S.W.2d 450, 455 (Tenn. 1996); State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence and resolves any conflicts in the evidence. *See* State v. Odom, 928 S.W.2d at 23. The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

6

The evidence does not preponderate against the trial court's findings that the defendant was advised of his Miranda rights and voluntarily gave the statement. This issue is without merit.

## SENTENCING

## A. Enhancement Factors

The defendant claims the trial court erred in its application of enhancing and mitigating factors. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo.* State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the

range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); see Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

The range of punishment for reckless homicide as a Standard Offender is two (2) to four (4) years. The trial court enhanced the defendant's sentence one (1) year to the midpoint of Range I, three (3) years.

The court found a previous history of criminal behavior or convictions in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1). The defendant had one (1) prior conviction for simple battery.[1]

The trial court refused to apply the defendant's suggested mitigating factors; namely, that substantial grounds exist to justify or excuse the defendant's conduct though failing to establish a defense, and that it is unlikely a sustained intent to violate the law motivated the crime. See Tenn. Code Ann. § 40-35-113(3) and (11). We find no error in the rejection of these factors.

---

[1]The defendant was a non-resident of Tennessee. He had numerous out-of-state charges as well as military charges. The pre-sentence report officer was unable to ascertain the disposition of many of these charges. Arrests, without more, may not be used to enhance a sentence. State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993). However, we note that the defendant was totally uncooperative and refused to be interviewed by the pre-sentence report officer. It is difficult to feel sympathetic toward a defendant who refuses to cooperate in providing accurate information to the court for sentencing.

After a thorough review of the record, we find the trial court adhered to the statutory sentencing procedure. The defendant has failed to show that the length of the sentence was improper. This issue is without merit.

## B. Alternative Sentencing

Defendant contends his sentence should have been suspended or, in the alternative, he should have been placed in the community corrections program. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); *see* Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offenses, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

9

The trial court correctly noted that the defendant was presumed eligible for alternative sentencing; however, the trial court found that other factors outweighed the granting of alternative sentencing. We find no error in the denial of probation by the trial court.

The defendant alleges he should have been sentenced pursuant to the Community Corrections Act. The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies several minimum eligibility criteria set forth at Tenn. Code Ann. § 40-36-106(a)(1)-(7).

The defendant did not meet the minimum eligibility criteria for community corrections as reckless homicide is a crime against the person as provided in title 39, chapter 13, parts 1-5. Tenn. Code Ann. § 40-36-106(a)(2). However, an offender who does not meet the minimum criteria under Tenn. Code Ann. § 40-36-106(a) and is considered unfit for probation due to substance abuse or mental problems may still be eligible for community corrections under the special needs provision of Tenn. Code Ann. § 40-36-106(c). Before an offender may be sentenced pursuant to subsection (c), the offender must be found eligible for probation. State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989). Second, the court must determine that: (1) the offender has a history of chronic alcohol abuse, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need(s) are treatable; and (4) the treatment of the special need(s) could be best served in the community rather than in a correctional institution. State v. Grigsby, 957 S.W.2d 541, 546-7 (Tenn. Crim. App. 1997).

10

Although this defendant meets the first prerequisite in that he is eligible for probation, there is no proof that establishes a special need requiring treatment in the community. Accordingly, the trial court properly rejected the community corrections alternative.

For the above stated reasons, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**WILLIAM M. BARKER, JUDGE**

11