# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1998 SESSION

FILED

October 6, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9709-CC-00421 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. DONALD P. HARRIS, |
| JEFFREY C. STIDDUM, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Attempted Aggravated Burglary, |
| | ) | 7 Counts Aggravated Burglary, |
| | ) | Theft Over $1,000, 4 Counts |
| | ) | Theft Over $500, Theft Under |
| | ) | $500) |

**FOR THE APPELLANT:**

**C. DIANE CROSIER**
Assistant Public Defender
407 C. Main street
P.O. Box 68
Franklin, TN 37065-0068

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General

**LEE DRYER**
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

**OPINION FILED:** _____

**AFFIRMED**

**LEE MOORE,**
**SPECIAL JUDGE**

## OPINION

The appellant, Jeffrey C. Stiddum, was indicted by the Williamson County grand jury on February 10, 1997, as follows:

1.    One count  of attempted aggravated burglary in Case No. I-297-73.
2.    One count of aggravated burglary and two counts of theft of property with a value of more than $500.00 in Case No. I-297-74.
3.    One Count of aggravated burglary and two counts of theft of property with a value of more than $500.00 in Case No. I-297-75.
4.    One count of aggravated burglary and two counts of theft of property with a value of more than $500.00 in Case No. I-297-76.
5.    One count of aggravated burglary in Case No. I-297-77.
6.    One count of aggravated burglary and two counts of theft under $500.00 in Case No. I-297-78.
7.    One count of aggravated burglary and two counts of theft of property with a value of more than $500.00 in Case No. I-297-79.
8.    One count of aggravated burglary and two counts of theft of property with a value of more than $1,000.00 in Case No. I-297-80.

The state filed a notice of intent to seek enhanced punishment.  On July 14, 1997, the appellant entered a plea of guilty as a Range II Multiple Offender to charges as follows:

1.    Attempted Aggravated Burglary in Case No. I-297-73.
2.    Aggravated burglary and theft of property with a value of more than $500.00 in Case No. I-297-74.
3.    Aggravated burglary and theft of property with a value of more than $500.00 in Case No. I-297-75.
4.    Aggravated burglary and theft of property with a value of more than $500.00 in Case No. I-297-76.
5.    Aggravated burglary in Case No. I-297-77.
6.    Aggravated burglary and theft of property with a value of less than $500.00 in Case No. I-297-78.
7.    Aggravated burglary and theft of property with a value of more than $500.00 in Case No. I-297-79.
8.    Aggravated burglary and theft of property with a value of more than $1,000.00 in Case No. I-297-80.

A sentencing hearing was held on July 28, 1997.  The trial court sentenced appellant as a Range II Multiple Offender as follows:

1.    Six (6) years for attempted aggravated burglary in Case No. I-297-73.
2.    Eight (8) years for aggravated burglary and three (3) years for theft of property with a value of more than $500.00 in Case No. I-297-74.
3.    Eight (8) years for aggravated burglary and three (3) years for theft of property with a value of more than $500.00 in Case No. I-297-75.
4.    Eight (8) years for aggravated burglary and three (3) years for theft of property with a value of more than $500.00 in Case No. I-297-76.
5.    Eight (8) years for aggravated burglary in Case No. I-297-77.

2

6. Eight (8) years for aggravated burglary and eleven (11) months and twenty-nine (29) days for theft of property with a value of less than $500.00 in Case No. I-297-78.
7. Eight (8) years for aggravated burglary and three (3) years for theft of property with a value of more than $500.00 in Case No. I-297-79.
8. Eight (8) years for aggravated burglary and six (6) years for theft of property with a value of more than $1,000.00 in Case No. I-297-80.

The trial court ordered the six (6) year sentence for Count One in Case No. I-297-73 to run consecutively to the effective eight (8) year sentence imposed in Case No. I-297-74, and consecutively to the sentence imposed in Case No. I-894-227, for an effective fourteen (14) year sentence on all these offenses. The remaining sentences were to run concurrently to each other and with the appellant's other sentences from Rutherford and Sumner Counties. The appellant filed a notice of appeal on September 16, 1997.

The appellant contends that the trial court erred in that the sentence imposed was excessive. For the reasons stated hereinafter, the judgment of the trial court is **affirmed**.

## SENTENCING - STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-25-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. §40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-

210, to consider the following factors in sentencing:

> (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) any statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210© provides that the presumptive sentence shall be the minimum sentence within the applicable range. See State v. Fletcher, 805 S.W.2d 785, 888 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); See Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); See Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d at 789.

4

**SENTENCING - CONFINEMENT**

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

> (A)  confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B)  confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

**CONSECUTIVE SENTENCING**

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

> (1) the defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
> (2) the defendant is an offender whose record of criminal activity is extensive;
> (3) the defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
> (4) the defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
> (5) the defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
> (6) the defendant is sentenced for an offense committed while on probation; or
> (7) the defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b); see also State v. Black, 924 S.W.2d 912 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the

consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

**FACTS**

Prior to the sentencing hearing, the State filed an intent to seek enhanced punishment as a Multiple Range II Offender setting out prior felony convictions for two (2) aggravated burglaries and five (5) thefts of property over a value of $1,000.00.

At the time of the sentencing hearing the appellant was serving a six year sentence from a Rutherford County conviction. He was awaiting sentencing in Sumner and Davidson County. He also admitted to probation violations in Williamson and Davidson County. At the sentencing hearing the appellant testified that the information in the presentence report was correct. He indicated also that the memorandum prepared by the Public Defender for the sentencing hearing was also correct. Appellant testifed as to his employment status prior to his most recent confinement. He indicated that he had a drug problem and that he wanted to be able to provide Christmas for his family.

The trial court found two (2) enhancing factors. Appellant was found to have a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. The trial court also found as an enhancing factor that the subject offenses were committed while appellant was on probation.

The trial court found as mitigating factors that the actions of the appellant did not threaten serious bodily injury and also that the appellant provided some

6

assistance in locating some of the property. The trial court also found that the appellant had pleaded true to a violation of his probation of a sentence from Williamson County. These mitigating factors were not given much weight by the trial court.

The trial court then considered T.C.A. § 40-35-115 (b) (1) and (6). Trial court found that the appellant was a professional criminal who had knowingly devoted his life to criminal acts as a major source of livlihood and further that the appellant was being sentenced for offenses committed while he was on probation. As stated above, the appellant was given an effective fourteen (14) year sentence with consecutive sentencing.

## CONCLUSION

The trial court followed the guidelines of the Sentencing Reform Act of 1989. The court correctly found appropriate enhancing factors and mitigating factors as set out above. The court obviously placed more weight on the enhancing factors. The court then employed sentencing considerations of T.C.A. § 40-35-103. The appellant was properly sentenced as a Multiple Range II Offender. Appropriate sentence ranges were established, and the court correctly found appropriate bases under T.C.A. §40-35-115 (b) for establishing consecutive sentences. The sentence imposed by the trial court was appropriate. The judgment of the trial court is **affirmed**.

_____
**LEE MOORE, SPECIAL JUDGE**

**CONCUR:**

7

_____
**JOE G. RILEY, JUDGE**


_____
**CURWOOD WITT, JUDGE**

8

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

STATE OF TENNESSEE,          )
                                    )       C.C.A. No. 01C01-9709-CC-00421
      Appellee,            )
                                    )       Williamson County Nos. I-297-73 -
vs.                              )                        I-297-80
                                    )
                                    )       (Attempted Aggravated Burglary,
JEFFREY C. STIDDUM,      )       7 Counts Aggravated Burglary,
                                    )       Theft Over $1,000, 4 Counts
      Appellant.          )       Theft Over $500, Theft Under
                                    )       $500)
                                    )
                                    )       **AFFIRMED**

## JUDGMENT

Came the appellant, Jeffrey C. Stiddum, by counsel, and the state, by the Attorney General, and this case was heard on the record on appeal from the Circuit Court of Williamson County; and upon consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is **AFFIRMED**, and the case is remanded to the Circuit Court of Williamson County for execution of the judgment of that court and for collection of costs accrued below.

It appears that appellant is indigent. Costs of appeal will be paid by the State of Tennessee.

Per Curiam

Lee Moore, Special Judge
Joe G. Riley, Judge
Curwood Witt, Judge