## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NOVEMBER
## JACKSON SESSION, 1996

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | No. 02C01-9507-CR-00184 |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. JOHN P. COLTON, JR., ~~Judge~~ |
| **CHARLES P. GRIGSBY**, | ) | |
| | ) | (Aggravated Burglary) |
| Appellant | ) | |

**FILED**

**March 26, 2008**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

For the Appellant:

**ON APPEAL:**
Craig V. Morton, II
Attorney at Law
212 Adams Avenue
Memphis, TN 38103

**AT TRIAL**:
Robert J. Ross, II
Attorney at Law
100 North Main St., Suite 3310
Memphis, TN 38103

For the Appellee:

Charles W. Burson
Attorney General and Reporter

Sarah M. Branch
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti
District Attorney General

James A. Lammey
Asst. District Attorney General
Third Floor
Criminal Justice Complex
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Charles P. Grigsby, entered an <u>Alford</u> plea to one count of aggravated burglary in the Shelby County Criminal Court and received, pursuant to a plea agreement, a sentence of eight years as a range II offender. The manner of service of the appellant's sentence was submitted to the trial court for its determination. Following the sentencing hearing, the trial court denied the appellant's request for an alternative sentence and ordered that his sentence be served in the Department of Correction. The appellant appeals this sentencing decision, specifically contending that the trial court erred by failing to impose a sentence under the Community Corrections Act.

After a review of the record, we affirm the judgment of the trial court.

## I. BACKGROUND

On November 19, 1994, the appellant entered the home of Kay Owen by breaking a latch on a side door of Ms. Owen's home. At the time of the "break in," Ms. Owen was raking leaves in her backyard. Hearing a noise from within her home, she went inside the house to investigate. Upon entering her living room, she saw the appellant descending the staircase. The appellant stated "Where's my mom?" Surprised by the intruder, Ms. Owen began screaming for help. The appellant fled the home.

At the sentencing hearing, the appellant asserted that he had no intention of burglarizing Ms. Owen's home. Rather, he insisted that the entire episode

was a misunderstanding.[1]  He explained that he entered the residence, believing the house to be the residence of Mr. Horner, in search of his roommate, Ted Turner.  The appellant testified that he drove his car to the scene and parked the vehicle in front of Ms. Owen's house.  However, he admitted that, when he fled, he did not return to his car, but went straight to his home.  The appellant conceded that he was intoxicated when he entered the Owen residence.  To contradict the appellant's testimony, the victim, Ms. Owen, testified that Mr. Horner, the man referenced by the appellant, does not know the appellant.  Moreover, she explained that, at the appellant's preliminary hearing, Mr. Horner testified that he witnessed the appellant "casing her house."   However, she stated that the appellant did not remove anything from her home.

The proof also established that, on the date that the appellant entered an Alford plea to aggravated burglary in the instant case, he was on probation for seven previous convictions of aggravated burglary in Shelby County.[2]  In addition, the appellant was previously convicted for aggravated burglary in Davidson County.

Additionally, the presentence report revealed that the appellant is thirty-three years old, divorced, and the father of two daughters.[3]  He "dropped out" of high school in the ninth grade, but, at the time of the sentencing hearing, had taken the test for his GED and was currently awaiting the test results.  At the time of the hearing, the appellant was employed as a painter by U.E. Jones Paint Company, and had been so employed since April 20, 1993.  Prior to this

---

[1]He stated "I wasn't there to do nothing.  I was there to find someone and mistakenly went into the wrong house and I apologize."

[2]Following the sentencing hearing in this case, a violation of probation hearing was held concerning the appellant's seven suspended sentences for aggravated burglary.  At the conclusion of this hearing, the trial court revoked the suspended sentences and reinstated the appellant's original five year sentences for each conviction.  Additionally, the court ordered the reinstated sentences to run concurrently with the eight year sentence in the instant case.

[3]The report indicates that the appellant's daughters live in Arkansas.

employment, the appellant held positions as a furniture refinisher with T & T Enterprize and as a handler with Federal Express.

The trial court denied any form of alternative sentence, stating that he had considered all the relevant information and testimony.[4]  In particular, the court commented that the appellant was on probation when he committed the instant offense, that the appellant had committed the same type of crime previously, and that the victim in this case also has rights.

## II.  Analysis

The appellant contends that the trial court erred by denying his request for sentencing under the Community Corrections Act.  Specifically, he avers that the court failed to consider applicable mitigating factors and that the court failed to determine that the appellant was an eligible offender.  A sentence under the Community Corrections Act is an alternative sentence.  See  State v. Taylor, 744 S.W.2d 919, 920 (Tenn. Crim. App. 1987).  Thus, this court must review an issue regarding the Community Corrections Act *de novo* pursuant to Tenn. Code Ann. § 40-35-401(d) (1990).  Additionally, if the record demonstrates that the trial court properly considered relevant sentencing principles, a presumption of correctness attaches to the trial court's determination.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In the instant case, it is unclear from the record whether the trial court properly considered sentencing principles.  Accordingly, we are unable to attach the presumption to the trial court's decision.  Despite the inapplicability of this presumption, the appellant maintains the burden of showing that the sentence to total confinement imposed by the trial court is improper.

---

[4]Specifically, the trial court referred to "various letters by friends, records sent by doctors and letters by doctors."  This proof was not included in the record for our review.

4

Sentencing Commission Comments, Tenn. Code Ann. § 40-35-210(b)(3) (1990).

In making our review, this court must consider the evidence presented at the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offense, any applicable enhancement or mitigating factors, any statements made by the defendant, and the appellant's potential rehabilitation. Tenn. Code Ann. § 40-35-102, -103, -210 (1990) and (1994 Supp.). See State v. Moss, 727 S.W.2d 229 (Tenn. 1986). Additionally, since the appellant contends that he should have been sentenced pursuant to the Community Corrections Act, this court must also consider the eligibility standards set forth in Tenn. Code Ann. § 40-36-106 (1994 Supp.) and the report of the agency which administers the community corrections program. Taylor, 744 S.W.2d at 920.

The appellant first contends that the trial court failed to consider applicable mitigating factors. Specifically, he argues that the following factors should apply:

(1) The defendant's criminal conduct neither caused nor threatened serious bodily injury;

(3) Substantial grounds exist tending to excuse or justify the defendant's criminal conduct;

(8) The defendant was suffering from a mental or physical condition that significantly reduced his culpability for the offense. . . ;

(10) The defendant assisted the authorities in locating or recovering any property or person involved in the crime;

(11) The defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct; and

(13) Any other factor consistent with the purposes of this chapter.

Tenn. Code Ann. § 40-35-113 (1990). The appellant's failure to present any argument regarding these mitigating factors leaves this court to speculate as to

5

the factual basis to support each factor.  After an examination of the record, we conclude that the appellant's contentions concerning applicable mitigating factors are without merit.  Specifically, as to mitigating factor (3), assuming that the "excuse" is the appellant's mistake as to where he was, this contention was contradicted by the victim's testimony.  Tenn. Code Ann. § 40-35-113(3).  In the appellant's presentence report, the appellant admits to being in good mental health.  Tenn. Code Ann. § 40-35-113(8).  Moreover, there was no stolen property which the appellant could assist in locating and there is no evidence before us to support unusual circumstances indicating a lack of intent to violate the law other than the testimony of the appellant.  Tenn. Code Ann. § 40-35-113 (10), (11).  Although mitigating factor (1) is applicable, we note the presence of three enhancement factors, Tenn. Code Ann. § 40-35-114 (1), (8), and (13) (1994 Supp.).[5]  We conclude that, with regard to the imposition of an alternative sentence in the present case, the applicability of mitigating factor (1) is afforded minimal weight.

Since a sentence under the Community Corrections Act is an alternative sentence, *supra*, we must first determine whether the appellant is a suitable candidate for alternative sentencing.  Especially mitigated or standard offenders convicted of a class C, D, or E felony and who do not possess a criminal history evincing a clear disregard for the laws and morals of society and a failure of past efforts at rehabilitation are presumed to be favorable candidates for alternative sentencing options, absent evidence to the contrary.  Tenn. Code Ann. § 40-35-102 (5), (6).  The appellant was sentenced as a range II, multiple offender.  See Tenn. Code Ann. § 40-35-106 (1990).  Moreover, the appellant has a criminal

---

[5]Tenn. Code Ann. §40-35-114:
(1)  The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(8)  The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and

(13)  The felony was committed while on . . . probation.

history evincing a clear disregard for the laws of society, and, because the present offense was committed while on probation, a failure of past efforts at rehabilitation. Hence, the appellant is not presumed to be a favorable candidate for alternative sentencing.

Additionally, Tenn. Code Ann. § 40-35-103(1) (A-C) provides that confinement of an offender is necessary under the following conditions:

> (A) . . . to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) . . . to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.[6]

In the present case, the trial court found that confinement of the appellant is necessary based upon the appellant's history of criminal conduct and the failure of less restrictive measures of punishment. Notwithstanding this determination, we acknowledge the appellant's contention that the trial court failed to consider eligibility requirements in denying a sentence to community corrections. Accordingly, we review the appellant's eligibility under the Community Corrections Act.

Our legislature enacted the sentencing alternative of community corrections to combat the problem of overcrowding in our state penal institutions. See State v. Huff, 760 S.W.2d 633, 638 (Tenn. Crim. App. 1988) (citation omitted). The Community Corrections Act permits trial courts to be creative in sentencing certain nonviolent felony offenders, who are either not eligible for

---

[6]"If a defendant has a long history of criminal conduct, than personal deterrence by confinement may be necessary to protect society from that defendant." Ashby, 823 S.W.2d at 170.

probation or not good candidates for probation, to participate in community-based alternatives to incarceration. See Tenn. Code Ann. § 40-36-103, -104 (1990); State v. Meeks, 779 S.W.2d 394, 397-98 (Tenn. Crim. App. 1988); Huff, 760 S.W.2d at 638. Thus, a sentence to a community corrections program provides a desired degree of flexibility that may be both beneficial to the offender yet serve legitimate societal purposes.[7] State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990).

The appellant contends that he qualifies for community corrections sentencing under the provisions of subsections (a) and (c) of Tenn. Code Ann. § 40-36-106. An offender is eligible for participation in a community corrections program if he satisfies the minimum eligibility criteria set forth at Tenn. Code Ann. § 40-36-106(a)(1-7) (1994 Supp).[8] Thus, an offender desiring a community corrections sentence must demonstrate that he:

(1) . . .without this option, would be incarcerated in a correctional institution;

(2) . . .[was] convicted of property-related or drug/alcohol related felony offenses or other felony offenses not involving crimes against the person . . .;

(3) . . .[was] convicted of nonviolent felony offenses;

(4) ...[was] convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) . . .[does] not demonstrate a present or past pattern of behavior indicating violence;

(6) . . .[does] not demonstrate a pattern of committing violent offenses; and

(7) . . .[was not] sentenced to incarceration or on escape at the time of consideration. . . .

---

[7]Such societal goals include alleviating prison crowding by permitting local supervision of some offenders who otherwise would be warehoused in a penal institution and by permitting offenders to receive some form of vocational training to enhance skills and increase opportunity for employment. See Tenn. Code Ann. § 40-36-104(5); Taylor, 744 S.W.2d at 922; see also State v. Bramlett, No. 01C01-9309-CC-00305 (Tenn. Crim. App. at Nashville, May 19, 1994). Thus, the offender can transform into a contributing member of society.

[8]"The eligibility criteria established in this section shall be interpreted as minimum state standards, guiding the determination of eligibility of offenders under this chapter." Tenn. Code Ann. § 40-36-106(d).

However, an offender who does not meet the minimum criteria under Tenn. Code Ann. §40-36-106(a) <u>and</u> is considered unfit for probation due to substance abuse or mental problems may still be eligible for community corrections under Tenn. Code Ann. § 40-36-106(c).[9]  Before an offender may be sentenced pursuant to subsection (c), the offender <u>must</u> be found eligible for probation.[10] <u>State v. Staten</u>, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989).  Second, the court must determine that (1) the offender has a history of chronic alcohol, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need(s) are treatable, and (4) the treatment of the special need could be best served in the community rather than in a correctional institution.[11]  <u>State v. Boston</u>, No. 03C01-9505-CR-00154 (Tenn. Crim. App. at Knoxville, May 14, 1996) (citation omitted).

First, although the appellant is eligible for probation, there is no proof before us which establishes a special need requiring treatment in the community. Tenn. Code Ann. § 40-36-106(c).  Although the appellant testified that he was drinking when he entered the victim's residence, he further explained that this was the first time he had "touched" alcohol in two years.  No other substance abuse or mental health need was offered in proof.  Additionally, the record is

---

[9]Tenn. Code Ann. §40-36-106(c) provides:
Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

[10]An offender is eligible for probation if he is sentenced to eight years or less and has not been convicted of a few excluded offenses.  Tenn. Code Ann. § 40-35-303(a) (1994 Supp.).

[11]The appellant bears the burden of affirmatively showing a "special need" which could be better addressed in the community.  <u>See</u>  <u>State v. Robinson</u>, No. 02C01-9505-CC-00126 (Tenn. Crim. App. at Jackson, Feb. 29, 1996).

absent a recommendation for community corrections by the entity administering the program in his jurisdiction. Taylor, 744 S.W.2d at 920. However, the appellant does meet the minimum eligibility requirements under subsection (a)(1 - 7). Even though an offender might meet the minimum eligibility requirements of the Act, an offender is not automatically entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990); see also Taylor, 744 S.W.2d at 919. Again, these criteria have been interpreted as minimum standards to guide a trial court's determination of whether an offender is eligible for community corrections. Tenn. Code Ann. § 40-36-106(d).

Once determining that an offender is eligible for a community corrections sentence, the court, applying the sentencing considerations set forth in Tenn. Code Ann. § 40-35-103 and general sentencing guidelines, determines whether the offender is entitled to a sentence under the Community Corrections Act. The Community Corrections Act was never intended as a vehicle through which offenders could escape incarceration. Rather, the legislature's intent was to address prison overcrowding by providing certain non-violent offenders a means by which they could be rehabilitated while continuing to support their families and contributing to society. Moreover, when imposing community corrections sentences, courts must remain mindful of the limited positions for placement within local programs and correspondingly limited resources for the treatment of the offender's special needs. Accordingly, the appellant's rehabilitative potential is central in the selection process. Each case must be guided by its individual facts and circumstances. Additionally, given their ability to review the offender's demeanor and characteristics first hand, trial courts are in the best position to ascertain an offender's amenability to a community corrections program. Acknowledging the wide discretion available to trial courts, this court will not disturb a trial court's decision absent a clear abuse of that discretion. Ashby, 823 S.W.2d at 171.

In conclusion, the appellant, although eligible, has failed to establish entitlement to a community corrections sentence. The record indicates that this is the appellant's ninth conviction for aggravated burglary and that efforts at rehabilitation in the past have failed. Moreover, the record is void of any evidence supporting the appellant's alleged "special need." Accordingly, the appellant has failed to carry his burden of demonstrating that the sentence imposed by the trial court was improper. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
WILLIAM M. BARKER, Judge