# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1999 SESSION



FILED

June 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9806-CR-00197 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. CHRIS CRAFT, |
| TONY O. WILLIAMS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**MARVIN E. BALLIN**
**MARK A. MESLER**
200 Jefferson Avenue, Ste. 1250
Memphis, TN 38103-2328

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**PATRICIA C. KUSSMANN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JENNIFER S. NICHOLS**
**AMY P. WEIRICH**
Assistant District Attorneys
        General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103-1947

**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Defendant appeals as of right the trial court's denial of alternative sentencing. Defendant entered a plea of guilty to violation of the Motor Vehicle Habitual Offenders Act, agreed to a sentence of 14 months and submitted the issue of alternative sentencing to the trial court. Based upon our review of the record, we **AFFIRM** the judgment of the trial court denying alternative sentencing.

**I**

Defendant was stopped on May 28, 1997, by a Memphis police officer who observed him traveling 70 miles per hour in a 40 mile per hour zone. The officer determined defendant had previously been adjudicated a motor vehicle habitual offender. Defendant apologized for speeding and said nothing about having an emergency.

At the sentencing hearing defendant contended he drove because of a medical emergency. He contended he was at his sister's home when his wife, then four months pregnant, called him complaining of stomach pains.

Defendant has an extensive criminal record consisting primarily of driving offenses. He had six separate convictions for driving on a revoked license, one conviction for leaving the scene of an accident involving personal injury, and one conviction for malicious mischief. In March 1996, defendant was convicted of his first violation of the Motor Vehicle Habitual Offenders Act and was sentenced to 90 days in confinement on weekends and probation for a period of one year. The present offense, his second violation of the Motor Vehicle Habitual Offenders Act, was committed shortly after the expiration of his probation on the prior violation.

The trial court denied alternative sentencing. Defendant now contends the trial court erred in failing to place the defendant in the community corrections program.

## II

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. The Act does not provide that all offenders who meet these requirements are entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

## III

The trial court questioned whether defendant's driving on this occasion was a true emergency since the defendant did not so advise the police officer. The trial

court related that the defendant had a lengthy history of criminal conduct, and that past efforts involving alternative sentencing had failed to rehabilitate the defendant. *See* Tenn. Code Ann. §§ 40-35-102(5); 40-35-103(1)(A),(C). The trial court specifically noted that defendant's prior violation of the Motor Vehicle Habitual Offenders Act resulted in an alternative sentence which did not deter the defendant from driving. The trial court concluded, "I just don't think anything will stop him." Unfortunately, it appears the trial court is correct.

## IV

The trial court's findings are clearly supported by the record. The defendant has continued to display a total disregard for the law. He has been fined, given short jail sentences and granted alternative sentencing. Yet, defendant continues to violate the law. The trial court did not err in denying community corrections for this the defendant's second violation of the Motor Vehicle Habitual Offenders Act.

The judgment of the trial court is **AFFIRMED**.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**

4