# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1999 SESSION
### Filed July 1, 1999

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 01C01-9810-CR-00388** |
| Appellee, | ) | |
| | ) | **SUMNER COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JANE W. WHEATCRAFT,** |
| **GREGORY CHARLES YOUNG,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

| | |
|---|---|
| **FOR THE APPELLANT:** | **FOR THE APPELLEE:** |
| **DAVID ALLEN DOYLE** | **PAUL G. SUMMERS** |
| District Public Defender | Attorney General and Reporter |
| **DANA L. SCOTT** | **ELIZABETH B. MARNEY** |
| Assistant Public Defender | Assistant Attorney General |
| 117 East Main Street | Cordell Hull Building, 2nd Floor |
| Gallatin, TN  37066-2801 | 425 Fifth Avenue North |
| | Nashville, TN  37243-0493 |
| | **LAWRENCE RAY WHITLEY** |
| | District Attorney General |
| | **C. WAYNE HYATT** |
| | Assistant District Attorney General |
| | 113 West Main Street |
| | Gallatin, TN  37066-2803 |

**OPINION FILED:** _____

**AFFIRMED - RULE 20**

**JOE G. RILEY,**
**JUDGE**

**O R D E R**

Appellant, GREGORY CHARLES YOUNG, appeals the denial of alternative sentencing by the trial court. On August 27, 1998, appellant pled guilty to robbery, a Class C felony, and received a Range I sentence of four years. Pursuant to the plea agreement, the trial court conducted a sentencing hearing to determine the manner of service at which it denied appellant's request for placement in a community corrections program. We AFFIRM the trial court's decision.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

Proof at the sentencing hearing[1] showed that appellant has prior convictions in Arkansas for burglary, forgery, and robbery. He was on probation or parole at the time he committed the current offense. And, in spite of his successful completion of a drug and alcohol rehabilitation program while on bond for the current offense, appellant failed a drug and alcohol screen the day of sentencing.

The trial court determined that due to his poor social and criminal histories, the failed drug screen, and the type of offenses he tends to commit, appellant is a threat to society and not a good candidate for community corrections. The trial court also noted that appellant received consideration for his plea in the form of a Range I sentence when he is, in fact, a

---

[1]Appellant complains that the trial court improperly admitted testimony regarding a pending theft charge against him. However, the trial court's findings show it did not rely on that charge in making its sentencing determination.

Range II multiple offender.  We note that less restrictive measures have been unsuccessful in deterring defendant's criminal activity.

The record supports the trial court's findings and sentencing decision.  The judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.  It appearing that the appellant is indigent, costs shall be taxed to the state.

SO ORDERED.  Enter:

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**ALAN E. GLENN, JUDGE**