# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 13, 2010

## STATE OF TENNESSEE v. SHUN JELKS

**Direct Appeal from the Circuit Court for Haywood County**
**No. 6184     Clayburn L. Peeples, Judge**

**No. W2010-00066-CCA-R3-CD  - Filed January 14, 2011**

The defendant, Shun Jelks, was convicted of introduction of contraband in a penal facility, a Class C felony.  He was sentenced to four years in confinement as a Range I, standard offender.  On appeal, he argues that the evidence was insufficient to support his conviction and that he was improperly sentenced.  After careful review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Tom W. Crider, District Public Defender, and J. Diane Blount, Assistant Public Defender, for the appellant, Shun Jelks.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jason Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant returned to the Haywood County Jail on January 25, 2008, to continue his weekend sentence.  When a corrections officer performed a routine search on the defendant, something "bulky" was found in one of the defendant's tennis shoes.  The officer recovered three "blunts," which he described to his supervisor as rolled cigars and some leaves. The defendant neither admitted nor denied that the items recovered belonged to him, but he stated, "You got me."  The items were submitted to the Tennessee Crime Lab for testing, and it was determined that the three cigars contained marijuana.  The defendant testified that he had hidden tobacco in his shoe but denied that it was marijuana.  He claimed

that he thought he was being prosecuted for possessing tobacco.

Analysis

On appeal, the defendant argues that the evidence was insufficient to support his conviction for possession of marijuana in a penal facility. When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. *Id.* In *State v. Grace*, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476. Pursuant to Tennessee Code Annotated section 39-16-201(b), "[i]t is unlawful for any person to: [k]nowingly and with unlawful intent take, send or otherwise cause to be taken into any penal institution where prisoners are quartered or under custodial supervision any . . . controlled substances. . . ." T.C.A. § 39-16-201(b)(1) (2007).

Here, the record reflects that the defendant was knowingly in possession of three cigars when he was admitted to the Haywood County Jail to serve time toward his sentence. He acknowledged at trial that he possessed the cigars but denied that they contained marijuana. During the search of the defendant, a correctional officer discovered tobacco and

contraband stuffed into one of the defendant's shoes, and, when the officer found the marijuana, the defendant said, "You got me." The officer removed the contraband in the presence of his supervisor. The contraband was tested and was identified as marijuana. The evidence was sufficient to support the defendant's conviction.

Next, the defendant argues that his sentence is excessive and that the trial court erred in ordering him to serve his sentence in confinement. Specifically, he contends that he should have been granted probation or community corrections. This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210(b), to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in [sections] 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. *State v. Lavender*, 967 S.W.2d 803, 806 (Tenn. 1998); *State v. Fletcher*, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. T.C.A. § 40-35-210(e); *State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. *State v. Madden*, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002); <u>see</u> T.C.A. § 40-35-210, Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but

enhancement factors are present, a trial court may set the sentence above the minimum within the range.  T.C.A. § 40-35-210(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002).

If our review reflects that the trial court followed the statutory sentencing procedure and imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result.  *State v. Hooper*, 29 S.W.3d 1, 5 (Tenn. 2000).

The defendant argues that his sentence should have been set at the minimum of three years rather than enhanced to four years.  The record reflects that the trial court considered the sentencing principles and all the relevant facts and circumstances, which entitles the findings to a presumption of correctness.  The appropriate range of a sentence for a defendant convicted of a Class C felony as a Range I, standard offender is three to six years.  In determining the appropriate sentence, the trial court stated that the defendant had a record that included convictions of vandalism, theft, robbery, harassment, possession of stolen property, assault, and weapons charges.  The trial court concluded that the defendant's prior record was significant.  It also determined that the maximum sentence was unnecessary but a sentence in excess of the minimum was appropriate.  The record also reflects that the defendant was on probation when he committed the underlying crime.  The trial court imposed a sentence that is consistent with the purposes of the sentencing act; therefore, the defendant is not entitled to relief on this issue.

The defendant also argues that the trial court should have granted some form of alternative sentencing. Under the 1989 Sentencing Act, sentences involving confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See also State v. Grigsby*, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); *State v. Millsaps*, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).  Pursuant to the 2005 revisions to the

Sentencing Act, a defendant is eligible for probation if the sentence received by the defendant is ten years or less, subject to some statutory exclusions. T.C.A. § 40-35-303(a) (2006). A defendant with a total effective sentence in excess of ten years is eligible for probation if the individual sentences imposed for the convictions fall within the probation eligibility requirements. A defendant is not entitled to a presumption that he is a favorable candidate for probation.

An especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline. T.C.A. § 40-35-102(6). The trial court ordered the defendant to serve his sentence in confinement and held that measures less restrictive than confinement had been frequently or recently applied unsuccessfully to the defendant. The trial court also noted that the defendant had a lengthy criminal history to establish a lack of potential for rehabilitation. The defendant has not established on appeal that the trial court improperly imposed his sentence. Therefore, he is not entitled to relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE