# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 21, 2013 Session

## STATE OF TENNESSEE v. JEREMY MULKEY

**Appeal from the Criminal Court for McMinn County**
**No. 11-CR-134      Amy A. Reedy, Judge**

**No. E2012-02337-CCA-R3-CD - Filed September 12, 2013**

Pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, the State appeals the manner of service of the sentence ordered by the Criminal Court for McMinn County. As a Range I, standard offender, the Defendant, Jeremy Mulkey, entered a plea of guilty to vandalism of $1,000 or more but less than $10,000, a Class D felony, vandalism of $10,000 or more but less than $60,000, a Class C felony, and reckless endangerment, a Class E felony. The trial court sentenced the Defendant, consistent with the plea agreement, to concurrent terms of four years for Class D felony vandalism; four years for Class C felony vandalism and two years for reckless endangerment. After conducting a sentencing hearing, the trial court ordered the Defendant to serve his sentence in the community corrections program. In doing so, the State argues that the trial court abused its discretion because the Defendant pleaded guilty to reckless endangerment, a crime against the person, and therefore, failed to meet the minimum statutory requirements to be sentenced under the Community Corrections Act. Tenn. Code Ann. § 40-36-106 (2012). Upon review, we reverse and remand for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed And Remanded for Resentencing**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P. J., and JAMES CURWOOD WITT, JR., J., joined.

Robert L. Jolley, Jr., Knoxville, TN, for the Defendant-Appellant, Jeremy Mulkey.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea D. Faughn, Assistant Attorney General; R. Steven Bebb, District Attorney General; and Steve Morgan, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In November 2010, the Defendant was involved in a series of crimes, including throwing a fan motor onto Interstate 75 from the County Road 130 overpass in McMinn County, Tennessee. The fan motor struck a Lee University tour bus that contained 18 people and injured the driver, Shelton Lewis. On April 19, 2011, the McMinn County Grand Jury indicted the Defendant for vandalism and reckless endangerment for his involvement in these crimes. As reflected above, the Defendant entered a guilty plea and was sentenced to an effective four-year sentence. Over the objections of the State, the trial court ordered that the Defendant serve his effective four-year sentence on community corrections and entered an order placing the Defendant on community corrections on October 29, 2012. It is from this order that the State appeals.

## ANALYSIS

On appeal, the State argues that the trial court abused its discretion because it improperly sentenced the Defendant to community corrections under the Community Corrections Act. See Tenn. Code Ann. § 40-36-106 (2012). The State asserts that the Defendant pled guilty to reckless endangerment, a "crime against the person as provided in title 39, chapter 13, parts 1-5," and therefore fails to meet the minimum eligibility requirements under the Act. Moreover, the State maintains that the Defendant is not eligible under the special needs exception for alcohol, drug, or mental health problems. In response, the Defendant argues that the State has no standing to appeal the trial court's sentence to community corrections, and in any event, that the trial court did not abuse its discretion. Upon review, we agree with the State.

We first address the Defendant's argument that the State cannot appeal a sentence imposed under the Community Corrections Act. Tennessee Code Annotated section 40-35-402 sets out the limited circumstances from which the State may appeal a sentence imposed by the trial court. Section 40-35-402 states:

(a) The district attorney general in a criminal case may appeal from the length, range or manner of the service of the sentence imposed by the sentencing court . . . An appeal pursuant to this section shall be taken within the same time and in the same manner as other appeals in criminal cases. The right of the appeal of the state is independent of the defendant's right to appeal.

(b) An appeal from a sentence is limited to one (1) or more of the following conditions:

(1) The court improperly sentenced the defendant to the wrong sentence range;

(2) the court granted all or part of the sentence on probation;

(3) The court ordered all or part of the sentences to run concurrently;

(4) The court improperly found the defendant to be an especially mitigated offender;

(5) The court failed to impose the fines recommended by the jury;

(6) The court failed to order the defendant to make reasonable restitution; or

(7) The sentence is inconsistent with the purposes or considerations of sentencing set out in §§ 40-35-102 and 40-35-103.

Although the Defendant correctly notes that section 40-35-402 does not specifically mention a community corrections sentence as an appealable issue, this Court has previously held that the State may pursue such appeals. See State v. Tom Hale, No. 03C01-9411-CR00404, 1995 WL 460916, at *2 (Tenn. Crim. App. Aug. 4, 1995) (reasoning that such an appeal by the State is appropriate under either the broad language of section 40-35-402(a), which allows the state to appeal from the "manner of the service of the sentence imposed by the sentencing court," or under section 40-35-402(b)(2)); see also State v. Brian Eugene Stansberry, No. E2007-01227-CCA-R3-CD, 2008 WL 2095355, at *2 (Tenn. Crim. App. May 19, 2008); State v. Clifton Epps, No. 02C01-9601-CR-00022, 1997 WL 703344 (Tenn. Crim. App. Nov. 13, 1997). We conclude, therefore, that the State may properly appeal the trial court's decision to order the Defendant's sentence to be served on community corrections.

In reviewing a State's appeal of a defendant's sentence, this Court applies the same standard of review "as where the defendant takes the appeal." Tenn. Code Ann. § 40-35-402, Sentencing Comm'n Cmts. There is "a presumption that the determination made by the trial court was correct," and the State bears the burden of "establishing that the trial court imposed an improper sentence." Id. In State v. Bise, the Tennessee Supreme Court abrogated the de novo standard of review and adopted an abuse of discretion standard of review regarding sentencing issues. 380 S.W.3d 682, 707 (Tenn. 2012) ("So as to comport with the holdings in Booker, Rita, and Gall, today we adopt an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper

application of the purposes and principles of our Sentencing Act."). A few months after the Bise decision, the Tennessee Supreme Court clarified that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to . . . questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). Thus, this standard guides our analysis in the case sub judice.

The intent of the Community Corrections Act was to "[e]stablish a policy within the state to punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." Id. § 40-36-103(1) (2010). Under the Act, "[a]n offender who meets all of the following minimum criteria" is eligible for community corrections:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (B) Persons who are convicted of property-related, or drug- or alcohol-related felony offenses or other felony offenses *not involving crimes against the person as provided in title 39, chapter 13, parts 1-5*;
>
> (C) Persons who are convicted of nonviolent felony offenses;
>
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; and
>
> (F) Persons who do not demonstrate a pattern of committing violent offenses.

Id. § 40-36-106(a)(1)(A)-(F) (2012) (emphasis added). The Act's criteria "shall be interpreted as minimum state standards, guiding the determination of eligibility of offenders under this chapter." Id. § 40-36-106(d); see also State v. Grigsby, 957 S.W.2d 541, 546 (Tenn. Crim. App. 1997) (emphasizing that the Act sets out the minimum eligibility requirements); State v. Stephenson, No. 03C01-9512-CC-00404, at *4 (Tenn. Crim. App. Jan. 28, 1997).

However, an offender who fails to meet the minimum eligibility requirements under section 40-35-106(a) may also be eligible for a sentence of community corrections if he satisfies the "special needs" exception under section 40-35-106(c). The special needs exception allows offenders "who would be usually considered unfit for probation due to

histories of chronic alcohol or drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community" to be eligible for community corrections. Id. To be eligible for community corrections under the special needs exception, this Court has previously stated that a defendant must first be statutorily eligible for probation. Grigsby, 957 S.W.2d at 546; State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989).

In the present case, there is no question that the Defendant entered a guilty plea to reckless endangerment under Tennessee Code Annotated section 39-13-103. Reckless endangerment is a "crime against the person as provided in title 39, chapter 13, parts 1-5." See Id. § 40-35-106(a)(1)(B). Therefore, the Defendant is statutorily ineligible for the alternative sentence of community corrections under section 40-35-106(a)(1) because he fails to meet *all* of the minimum requirements for eligibility. Additionally, the trial court did not make any findings that the Defendant was eligible for community corrections under the special needs exception, and in fact, the State produced evidence that the Defendant did not abuse alcohol or drugs and had no history of mental health problems. Therefore, on this record, the Defendant is also ineligible for community corrections under section 40-35-106(c). Thus, we conclude that the trial court abused its discretion by sentencing the Defendant to community corrections. Accordingly, we reverse the judgment of the trial court and remand the case for resentencing.

## **CONCLUSION**

Based upon the foregoing reasoning and authority, we reverse the judgment of the trial court and remand the case for resentencing. Upon remand, the trial court is not limited to the proof adduced at the previous sentencing hearing in order to impose a sentence consistent with the purposes and principles of the sentencing act as well as to determine any other available sentencing alternatives.

_____
CAMILLE R. McMULLEN, JUDGE