# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs March 26, 2014

## STATE OF TENNESSEE v. DAVID HOKE WARE

**Appeal from the Circuit Court for Sullivan County**
**No. S60450     R. Jerry Beck, Judge**

**No. E2013-02545-CCA-R3-CD - Filed June 4, 2014**

David Hoke Ware ("the Defendant") pleaded guilty to one count of burglary of an automobile, twelve counts of identity theft, twelve counts of fraudulent use of a debit or credit card, and two counts of theft over $500. Pursuant to the plea agreement, the trial court sentenced the Defendant to an effective sentence of two years, with the manner of service to be determined by the trial court. Following a sentencing hearing, the trial court ordered this sentence to be served in incarceration and ordered the Defendant to pay restitution of $1,093.84. On appeal, the Defendant argues that the trial court erred in denying probation or other alternative sentencing. After a thorough review of the record and the applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Kenneth E. Hill, Kingsport, Tennessee, for the appellant, David Hoke Ware.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Barry P. Staubus, District Attorney General; and James F. Goodwin, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

The Defendant was indicted on July 9, 2012, on one count of burglary of an automobile, twelve counts of identity theft, twelve counts of fraudulent use of a debit or credit card, and two counts of theft over $500. He subsequently pleaded guilty to the indicted charges. At the Defendant's plea submission hearing, the State entered into evidence the affidavit of complaint. The Defendant stipulated to this affidavit as the factual basis for the plea, which explained the facts of the case as follows:

> On [August 28, 2011], Susan and Travis Nelson reported an auto burglary to their vehicle which is a Scion TC that occurred sometime during the evening hours of [August 27, 2011] or morning hours of [August 28, 2011], while parked at 1302 Mill Street in Kingsport. Several items were stolen from the vehicle including a purse which contained a wallet, cash money, credit cards, various pieces of Susan Nelson's identification including South Carolina [driver's license] and Social Security Card, several other personal items and keys to their vehicles, all valued at approx[imately] $570.00. After the auto burglary and theft had been reported, the Nelson[]s then discovered 3 of their stolen bank cards had also been used multiple times as [sic] several businesses inside the city. . . .
>
> On [September 19, 2011], video surveillance that had been obtained from Family Dollar showing 2 unidentified white males using the stolen cards was shown on WJHL's Most Wanted Tri-Cities News. Several tips came in identifying the 2 males as being [the Defendant] and Richard Allen Youngblood. [Detective Monica Swayze] was able to positively identify the 2 suspects as being [the Defendant] and Youngblood.

The affidavit also included a list of the fraudulent uses of the victims' debit and credit cards, which included twelve transactions totaling $523.84.

Pursuant to the plea agreement, the Defendant agreed to concurrent sentences of two years for his burglary of an automobile conviction; two years for each identity theft conviction; eleven months, twenty-nine days for each fraudulent use of a credit or debit card conviction; and two years for each theft of property over $500 conviction. Thus, the total effective sentence was two years, with the manner of service to be determined by the trial court following a sentencing hearing.

At the sentencing hearing, the presentence report was admitted as an exhibit without an objection from the Defendant. No additional proof was presented at the hearing. The trial court noted that the Defendant previously had been convicted of misdemeanor theft, public intoxication, and criminal trespass. Additionally, the Defendant had previous probation violations. The trial court noted that, in addition to his past convictions, the Defendant had multiple pending charges in the Kingsport General Sessions Court. The Defendant also was convicted of driving under the influence in California.

The presentence report indicated that the Defendant was forty-four years old. Regarding the Defendant's substance abuse, the trial court noted that the Defendant began abusing alcohol from an early age. The Defendant began using marijuana at age thirteen, and, according to the presentence report, he last used marijuana two weeks prior to the sentencing hearing. The Defendant also admitted to using heroin, Xanax, cocaine, Oxycontin, "roxies," and methamphetamine.

The trial court noted that the Defendant had been married and had four children but that he currently lived with his mother. The Defendant currently was employed with Shelton Construction. The trial court stated that, according to the presentence report, the Defendant had "few assets except his salary and food stamps."

Based on these findings, the trial court stated, "The Defendant has problems. I think the unfavorable factors outweigh any favorable factors." Accordingly, the trial court ordered the Defendant to serve his sentence in incarceration. The trial court also ordered the Defendant to pay restitution of $1,093.84. The Defendant timely appealed, challenging the manner of service of his sentence.[1]

## Analysis

Prior to imposing sentence, a trial court is required to consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

---

[1] The Defendant did not appeal the amount of restitution.

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in [Tennessee Code Annotated sections ] 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The referenced "principles of sentencing" include the following: "the imposition of a sentence justly deserved in relation to the seriousness of the offense" and "[e]ncouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs." Tenn. Code Ann. § 40-35-102(1), (3)(C) (2010). "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(4), (5) (2010).

Our Sentencing Act also mandates as follows:

In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in [Tennessee Code Annotated sections] 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Additionally, a sentence including confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). "[A] trial court's misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from its sentencing decision." Id. at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. at 709-10. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.; see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Defendant contends that the trial court should have considered an alternative sentence to incarceration. Our supreme court has held that the Bise standard of review also is applicable to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). Thus, in reviewing a trial court's denial of full probation, the applicable standard of review is abuse of discretion with a presumption of reasonableness so long as the sentence "reflect[s] a decision based upon the purposes and principles of sentencing." Id.

A defendant bears the burden of establishing his or her suitability for probation. See Carter, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b) (2006)); State v. Mounger, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999). "This burden includes demonstrating

that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" Carter, 254 S.W.3d at 347 (quoting State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). In determining whether to deny probation and impose a sentence involving confinement, the trial court should consider the criteria set forth in Tennessee Code Annotated section 40-35-103(1), supra.

Initially, we discern no abuse of discretion by the trial court in denying probation in this case. The record reveals that the trial court thoroughly considered all of the evidence prior to ordering incarceration. The record supports the trial court's consideration of the Defendant's substantial criminal history, and the Defendant concedes that he has several prior convictions. See Tenn. Code Ann. § 40-35-103(1)(A). Moreover, the trial court noted, and the Defendant also acknowledged, that the Defendant had violated his probation in the past. Therefore, the Defendant's amenability to rehabilitation is suspect. As set forth above, it is a defendant's burden to establish his suitability for probation. See Carter, 254 S.W.3d at 347. We agree with the trial court that the Defendant failed to meet this burden.

The Defendant also asserts, however, that the trial court failed to recognize that the Defendant's history of substance abuse "certainly [makes him] a special needs candidate for a community corrections sentence." Under the Tennessee Community Corrections Act, "selected, nonviolent felony offenders" may serve their sentences "in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103(1) (2010). One category of such offenders who may be considered for this type of alternative sentencing are "[f]elony offenders . . . who would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution." Tenn. Code Ann. § 40-36-106(c) (2010).

In order for a defendant to be eligible for community corrections under this provision, the trial court shall determine that:

> (1) the offender has a history of chronic alcohol, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need(s) are treatable, and (4) the treatment of the special need could be best served in the community rather than in a correctional institution.

State v. Grigsby, 957 S.W.2d 541, 546-47 (Tenn. Crim. App. 1997) (citing State v. Boston, 938 S.W.2d 435 (Tenn. Crim. App. 1996)). It is the defendant's burden to establish his eligibility for the special needs provision. See id. at 547 n.11.

At the sentencing hearing, the Defendant argued that he should receive a community corrections sentence under this special needs provision. The trial court, after making its findings based on the presentence report, determined that "the unfavorable factors outweigh[ed] any favorable factors." We agree with the trial court that the Defendant has failed to establish his suitability for a sentence involving community corrections. The presentence report indicated that the Defendant had spent time in several drug rehabilitation programs which proved unsuccessful. Moreover, the presentence report indicates that, over the past ten years, the Defendant has two convictions each for theft and public intoxication. He also has been convicted of criminal trespass and driving under the influence. Furthermore, the Defendant had several pending charges even at the time of sentencing. Thus, the Defendant has failed to establish that "the treatment of the special need could be best served in the community rather than in a correctional institution." Id. at 547.

Unless a defendant establishes that a trial court abused its discretion in imposing sentence, this Court may not overturn the trial court's judgment even if we preferred a different result. See Carter, 254 S.W.3d at 346. In this case, the Defendant has failed to rebut the presumption of reasonableness we must afford the trial court's decision. See Bise, 380 S.W.3d at 707. Therefore, we conclude that the trial court imposed this sentence in a manner consistent with the purposes, principles, and goals of the Sentencing Act. Accordingly, the Defendant is entitled to no relief.

## CONCLUSION

For the reasons set forth above, we affirm the judgments of the trial court.


_____
JEFFREY S. BIVINS, JUDGE