# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 8, 2012

## STATE OF TENNESSEE v. JAMES D. LEDFORD, II

**Direct Appeal from the Circuit Court for Sequatchie County**
**No. 2010CR-105     Buddy D. Perry, Judge**

---

**No. M2011-01136-CCA-R3-CD - Filed November 7, 2012**

---

The defendant, James D. Ledford, II, appeals the Seqautchie County Circuit Court's denial of his request for alternative sentencing. The defendant pled guilty to one count of vehicular homicide by reckless conduct, a Class C felony, and received a sentence of nine years, as a Range II offender, with the manner of service to be determined by the trial court. At the same time, the defendant also pled guilty to a violation of probation in a separate case with a sentence of two years, which the trial court revoked and ordered to be served concurrently with the homicide sentence. On appeal, the defendant contends that the trial court erred by denying him an alternative sentence. Following review of the record, we affirm the sentence as imposed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JEFFREY S. BIVINS, JJ., joined.

B. Jeffery Harmon, District Public Defender, for the appellant, James D. Ledford, II.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steve Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History and Factual Background

In September, 2010, the twenty-seven-year-old defendant was serving a two-year probationary sentence for sale of a Schedule VI controlled substance. This drug sale occurred in 2007 but due to multiple revocations and re-sentencings, the sentence remained

in effect. On September 27, 2010, the defendant was indicted, in the alternative, for two counts of vehicular homicide, one by intoxication and the other by reckless conduct. These charges arose from the defendant's involvement in the automobile collision which resulted in the death of his wife. At the time of the incident, the defendant, who was drinking, was traveling at a high rate of speed, lost control, and ran into a tree. Following the defendant's indictment, a violation warrant was filed in the drug case, alleging multiple infractions, including the new arrest and failure to report.

In December, the defendant entered a guilty plea to vehicular homicide by reckless conduct. The agreement provided for an agreed sentence of nine years, as a Range II offender, with the manner of service to be determined by the trial court. The defendant also waived his right to a hearing on the probation violation, agreeing to a revocation of the two-year sentence. On March 28, 2011, the defendant appeared before the trial court for a sentencing hearing, after which the trial court was to determine the manner of service for the two sentences and whether they would be served concurrently or consecutively. The only proof presented at the hearing was the pre-sentence report, although arguments were made.

After reviewing the pre-sentence report, the trial court determined that the sentences should be served concurrently in the Department of Correction. The defendant's appeal of the manner of service determination made by the trial court is now properly before this court.

**Analysis**

On appeal, the defendant raises the single issue of whether the trial court erred by denying probation or another alternative sentencing option for both his violation of probation and his new conviction. When reviewing a challenge to the manner of service of a sentence, the appellate court shall conduct a *de novo* review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d) (2010). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). If the sentencing court did not do so, then the presumption fails, and this court's review is "simply de novo," with no presumption of correctness. *State v. Pierce*, 138 S.W.3d 820, 827 (Tenn. 2004). If a trial court considers the statutory criteria, imposes a lawful but not excessive sentence, states its reasons for the sentence it imposed, and its findings have adequate support in the record, then appellate courts are bound by the trial court's decisions. *Carter*, 254 S.W.3d at 346. The defendant bears "the burden of showing that the sentence is improper." *Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Under the revised Tennessee sentencing scheme, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *Carter*, 254 S.W.3d at 347 (citing T.C.A. § 40-35-102(6)). Instead, a defendant not within "the parameters of subdivision (5) [of Tennessee Code Annotated section 40-35-102], and who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *Id*. Additionally, we note that a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall consider" them. T.C.A. § 40-35-102(6) (emphasis added).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. T.C.A. § 40-35-303(a). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. *Id*. at 303(b); *see also State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. *Bingham*, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. *Id*. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *Goode*, 956 S.W.2d at 527. Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997); *Bingham*, 910 S.W.2d at 456. Denial of probation may be based solely upon the circumstances of the offense when they are of such a nature as to outweigh all other factors favoring probation. *Bingham*, 910 S.W.2d at 456.

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations which establish "evidence to the contrary" to rebut a defendant's status as a "favorable candidate" for alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently

been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1). In choosing among possible sentencing alternatives, the trial court should also consider[t]he potential or lack of potential for the rehabilitation or treatment. T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also Dowdy*, 894 S.W.2d at 305-06. Finally, the court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5).

At this juncture, we note that the defendant is not considered a favorable candidate for alternative sentencing, because he was convicted as a Range II offender, which negated the favorable status. Thus, a finding by the trial court of specific "evidence to the contrary" was not required. Nonetheless, the trial court, in imposing a sentence of confinement, made the following findings on the record:

> Let me talk a little bit about . . . the criminal history that I see here. I'm not sure how he managed in 2001 to get himself tried as an adult, but it looks like it was a considerable spurt of criminal activity. There was a vandalism, possession of burglary tools that was dismissed, the theft, weapons charge, aggravated assault, and then we come along and in 2009, February, there's a charge of aggravated assault, which, apparently, got dismissed and reduced to simple assault. Then there's the drug case that I mentioned earlier, the 4786 case out of Sequatchie County that was to be a two-year sentence, and served 26 days on it, and that case has just lingered on and on and on. . . . [The pre-sentence report] if you read that it simply indicates an unwillingness to comply with the requirements of probation, and it looks like the Court has been extremely generous in giving [the defendant] the opportunity to avoid jail several different times.
>
> He's continued to test positive for drugs, and then while on probation he commits this offense, where a person is killed, and he has in his system intoxicants, and it's resulted in the death of another person.
>
> Although it's not mandatory, I think I probably could, under 40-35-115(6), simply run it consecutive based on the fact that he is on probation at the time of the offense. I think, based on this record, I could even find that the criminal activity is extensive. I think, however, my real judgment in this case is to make the determination of whether this is a served sentence or not, and

-4-

I'm going to find that it's a sentence that I really have very little alternative but to find that it should be served, simply based upon the fact of the criminal activity and the continued unwillingness to meet the requirements of probation.

He's been on probation off and on since he was 17 years old, and then to come into this courtroom this morning and suggest to me that I'm on probation, but I don't even have to report, and they ought to hunt me down and find me if they want me, is just, I think, more indication that he's not willing to comply with the lesser requirement than incarceration that this Court and other courts have tried since he was 17 years old, and for this reason, I'm going to find that this is a sentence that's required to be served. Although, I think I have the basis to make it a consecutive sentence, I'm going to decline to do that, so I'm making it a sentence to be served, and I'm going to require him to go into custody now[.]

The defendant contends that the "principles of sentencing dictate that [he] should not be sentenced to full confinement" because "[s]uitable alternatives . . . exist that adequately protect society and provide an opportunity for [him] to rehabilitate himself." He states that he has "a limited previous criminal history and there was little evidence that past efforts at rehabilitation had failed." In fact, he contends that review should be conducted without a presumption of correctness being afforded to the trial court's finding because the court "improperly decided that [he] had a long criminal history."

Again, we note that the defendant, who stands convicted as a Range II offender, is not considered a favorable candidate for alternative sentencing and bears the burden in this case. Our review of the record does not lend support to his arguments. Contrary to his contention, the pre-sentence report establishes that the then twenty-seven-year old began his criminal activity at the age of seventeen when he amassed seven criminal convictions for offenses including aggravated assaults, a weapons offense, vandalism, and attempted theft. Following this spree, the defendant was incarcerated in the Department of Correction until 2005. In 2006, he committed the drug sale, which is the underlying charge in the instant probation violation case now before us. In 2009, he was again convicted of assault. The suggestion that the defendant does not have a long criminal history is not well-taken.

Review of the trial court's sentencing decisions leads us to the conclusion that the defendant has wholly failed to meet his burden of showing an impropriety in the sentence as imposed. The court based its decision to deny alternative sentencing on the defendant's abysmal history while on probation, as well as his history of criminal activity. These are valid conclusions based upon the record and applicable law.

The pre-sentence report shows multiple prior violations and revocations of probationary sentences. In fact, the defendant, in the instant drug case, had violations which caused his sentence to be extended by at least a year and a half past the original two-year expiration, resulting in its remaining in effect at the time of the homicide. *See State v. Grigsby*, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997) (failure of past efforts at rehabilitation was shown by fact present offense committed while on probation). There was also discussion on the record that the defendant was ordered to continue reporting in the drug case pending sentencing. The trial court was distressed by the fact that the defendant could not or would not comply with that order, rejecting the defendant's claim that probation officers knew where he was and had told him not to report. We cannot conclude that the trial court erred in its determination that the defendant failed to comply with probationary sentences when the record is replete with ample evidence to the contrary. The trial court considered facts, sentencing principles, and relevant law in reaching its conclusions. The defendant has failed to carry his burden in this case.

## CONCLUSION

Based upon the foregoing, the denial of alternative sentencing is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE