FILED

04/22/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs March 27, 2019

**STATE OF TENNESSEE v. JAMICHAEL DEWAYNE KEITH**

**Appeal from the Criminal Court for Knox County**
**No. 111959   Steven Wayne Sword, Judge**

_____

**No. E2018-00851-CCA-R3-CD**

_____

On December 4, 2017, the Defendant, Jamichael Dewayne Keith, pleaded guilty to possession of more than 0.5 grams of methamphetamine, a Schedule II controlled substance, with intent to sell, and attempted possession of heroin, a Schedule I controlled substance, with intent to sell.  The trial court imposed concurrent sentences of eight years of incarceration for the methamphetamine charge and six years of incarceration for the heroin charge.  The Defendant argues on appeal that the trial court erred in denying his request for probation.  After thorough review, we affirm the sentencing decision of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Mark Stephens, District Public Defender; and Jonathan Harwell, Assistant District Public Defender, for the appellant, Jamichael Dewayne Keith.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Kenneth Irvine, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

At the plea submission hearing, the State recited the facts of the case.  On November 10, 2017, police were called to a motel in Knox County after receiving reports

of someone selling drugs out of a suspicious vehicle. They noticed the Defendant in an SUV. When police asked the Defendant for his identification, the Defendant opened the vehicle's center console, which brought into the officers' plain view a bag of what appeared to be narcotics. After searching the Defendant's vehicle, officers located 53 small baggies of methamphetamine, 16 small baggies of heroin, scales, extra baggies, and multiple cell phones. The Defendant admitted to officers that "he had been selling small quantities of both [methamphetamine and heroin] in the recent past." The Defendant affirmed that the State's recitation of facts and announcement of the total effective eight-year sentence and $2,000 fine were what he understood his guilty plea agreement to be, with the understanding that he could apply for a probationary sentence and would be sentenced at a later hearing.

The trial court held a sentencing hearing on March 29, 2018. The State requested that the Defendant serve his sentence incarcerated because of his various failed probationary sentences. Defense counsel requested an alternative sentence, namely that the Defendant serve his sentence on probation in Alabama, arguing that the Defendant would benefit from treatment and "an opportunity . . . to turn his life around" in his community. Defense counsel alternatively suggested the trial court impose split confinement, place the Defendant on enhanced probation over the program's objection, re-refer the Defendant to the Community Alternative to Prison Program ("CAPP"), or refer him to the Day Reporting/Community Resource Centers.

The Defendant's mother, Ms. Maroja Renee Keith, testified that the Defendant had not received any drug treatment and would reside with her in Alabama if he were granted probation. Though she acknowledged that he had previously violated probation, she "hope[d] that he realize[d] that this is not the path that his life should be going" and suggested that the Defendant would abide by the terms of probation if it were granted in the instant case.

The Defendant's presentence report was entered as an exhibit at his sentencing hearing and detailed the Defendant's lengthy criminal history. The Defendant's extensive criminal history from Alabama included, among others, a 2010 possession of a schedule I controlled substance conviction for which he received an effective 15-year sentence, though he was granted probation after serving 18 months; a marijuana possession conviction, for which he received a two-year probationary sentence; and a possession of a schedule II controlled substance, for which he received a 13-month probationary sentence. In all of these instances, the Defendant's probation was revoked. The Defendant's risk and needs assessment was included in the presentence report and noted that the Defendant scored high risk for drug use, recommending that he undergo a substance abuse assessment and follow through with any recommended treatment.

- 2 -

The presence report further relayed that the Defendant was never able to maintain gainful employment for more than six months, had two children that he was unable to pay child support for, and had used controlled substances since he was 16-years old. The Defendant's enhanced probation report found that he was "not an appropriate candidate" for enhanced probation because of his previous probation revocations and continuing criminal activity. Further, the Defendant's CAPP report stated that he was not eligible for CAPP because he was an Alabama resident. The Defendant did not testify on his own behalf but made a statement of allocution at the close of the hearing.

After reviewing the presence report and the parties' arguments, the trial court reiterated the agreed upon eight-year sentence, to be served at 30% as a Range I, standard offender. The trial court ordered the Defendant to serve his sentence in the Tennessee Department of Correction.

## ANALYSIS

The Defendant argues on appeal that the trial court abused its discretion by denying his request for alternative sentencing and ordering he serve his sentence in confinement. The State responds that the trial court properly considered the Defendant's previous probation violations, criminal history, and pending charges in concluding that less restrictive measures than confinement had been unsuccessful in rehabilitating the Defendant and ordering incarceration. We agree with the State.

Under the 2016 amendments to the Sentencing Act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing; and

(8) The result of the validated risk and needs assessment conducted by the department and contained in the presentence report.

Tenn. Code Ann. § 40-35-210(b).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707. This standard of review also applies to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

We initially note that under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" Tenn. Code Ann. § 40-35-102(6).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Id. § 40-35-303(a). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances

surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527. Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense. See State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997); Bingham, 910 S.W.2d at 456.

To qualify for consideration for punishment in the community, an offender must meet all of the following criteria:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug-or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; and

(F) Persons who do not demonstrate a pattern of committing violent offenses.

Tenn. Code Ann. § 40-36-106(a)(1).

Under the "special needs" provision of the statute, an offender who does not otherwise meet the criteria above "and who would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse or mental health problems, but whose special needs are treatable and could be served best in the community" may be considered eligible for a community corrections sentence. Id. § 40-36-106(c). In making this determination, the trial court must first find that the defendant is eligible for probation and then must determine that (1) the defendant has a history of chronic alcohol abuse, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the defendant's criminal conduct; (3) the identifiable special needs are treatable, and (4) the treatment of the special need could be best served in the community rather than in a correctional institution. State v. Grigsby, 957 S.W.2d 541, 546-47 (Tenn. Crim. App. 1997) (citations omitted).

However, even where a defendant meets the eligibility requirements of the statute, the defendant is not automatically entitled to participate in community corrections. See State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998). The defendant "bears the burden of affirmatively showing a 'special need' which could be better addressed in the community." Grigsby, 957 S.W.2d at 547 n.11. Moreover, the trial court is in the best position to ascertain a defendant's amenability to a community corrections program given its ability to observe the defendant's demeanor and characteristics first hand. Id. at 547.

In determining if incarceration is appropriate in a given case, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Id. § 40-35-103(5).

After listening to the Defendant's allocution, the trial court noted that it had considered the presentence report, the enhanced probation report, the defense's arguments, and the State's arguments before deciding the Defendant's manner of serving his agreed upon sentence. The trial court first commented on the Defendant's strong support from his mother and his achievement in becoming an Eagle Scout when he was younger.

The trial court examined the Defendant's previous criminal history and stated that it had "no doubt [it]'d be putting [the Defendant] on probation" if he did not have "two prior very similar convictions for felony distribution type charges[,]" and the Defendant's probation was revoked every previous time he was granted probation. The trial court acknowledged that the Defendant possibly had "a chemical addiction to [marijuana]" but was troubled by the Defendant's selling methamphetamine and heroin, which he did not use. Based on this, the trial court found the Defendant to be "trafficking in much harsher drugs than what [he was] using." In looking at his previous criminal history and his

- 6 -

instant charges, the trial court found that the criminal justice system had been unsuccessful in rehabilitating the Defendant.

The trial court went on to note that the Defendant had "opportunities to get treatment" during the "at least two years" he was out of prison. The trial court found the Defendant was "not a good candidate" for probation based on his previous chances at probation and history of felony drug distribution charges, showing he was not amenable to rehabilitation. With regards to other forms of alternative sentencing, the trial court noted that it had considered split confinement but decided against it because the Defendant had just served five years of a 15-year sentence in an Alabama penitentiary, and it made "no sense to have him do one year in local detention[.]"

We find no abuse of discretion in the trial court's denial of probation. As the trial court noted, the Defendant had a history of committing similar drug distribution offenses and had been granted probation multiple times, only for him to violate his probation so that he ultimately was incarcerated for the offenses. Although the Defendant allocated and asserted that he had "a drug problem," the trial court noted that his charges were for methamphetamine and heroin, which were "much harsher" than the marijuana he admittedly used. The trial court also considered other forms of alternative sentencing. As evidenced by the record on appeal, the trial court thoroughly considered all of the evidence before it prior to denying probation and ordering incarceration, and the court stated its reasons for doing so. As we have stated, the court's denial of probation and imposition of incarceration is entitled to a presumption of correctness absent an abuse of discretion, and we accordingly affirm the trial court's sentencing decision. The Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

- 7 -